ELISHA FITCH v. ELI SARGEANT.

*Special Contract.*

`When a special contract is put an end to by act of the parties, the plaintiff
   may recover on general counts.

THIS was an action of assumpsit. The first count in the declaration stated in substance that, in consideration that the plaintiff, at the request of the defendant, had before that time leased and let to the defendant a certain house and lots of ground in the town of Pike, for the term of one year, together with the ferry and boat near said town, the defendant promised to take proper care of the premises, to attend the ferry, and pay the plaintiff as rent therefor a large sum of money, to wit: The sum of two hundred and twenty-five dollars.

The second count, after stating the contract the same as in the first, alleged a promise to pay the plaintiff for the enjoyment of the premises so much as he reasonably deserved to have, etc. The declaration also contained general counts. The breach alleged was injuring the premises and non-payment of rent. The defendant pleaded the general issue, with a notice of special matter.

The contract, as proved by the plaintiff's witnesses, was that Fitch rented to Sargeant the house, lots, and ferry, for one year, at $200. That the defendant said if he made enough to enable him to pay more rent he would do it; but $200 was the rent agreed upon. The plaintiff also proved that the property had been abandoned by the defendant before the expiration of the year, and had received some injury.

The defendant proved that after he took possession of the premises and ferry, the lessor's right to the ferry was decreed by the court of common pleas to another person, and the lessee was **353]** entirely deprived of the use of the ferry. *Upon which the defendant sent the plaintiff notice that as he had lost the ferry he could not remain in the house and pay the rent, but should leave it. The plaintiff directed a third person to take charge of the house if the defendant should abandon it. The defendant soon

after left the premises, and they were taken charge of by the person spoken to by the plaintiff.

The defendant moved the court to direct a nonsuit upon the ground of variance between the contract laid in the declaration and that proved. But the court directed the cause to proceed, and the jury found a verdict for the plaintiff for an equitable proportion of the rent, taking into consideration all the circumstances.

The cause was tried in Pike county before Judges Hitchcock and Burnet. The defendant moved for a new trial upon the ground of misdirection in refusing to direct a nonsuit, and the motion was adjourned here for decision.

CREIGHTON and BOND, in support of the motion:

In an action of assumpsit, upon a special contract, the declaration must state the contract truly and correctly. A material variance is fatal. Ld. Raym. 735; 2 East, 2, 4, note A; 1 Bos. & Pul. 351; 2 Bos. & Pul. 116.

The declaration sets out a positive, unconditional agreement to lease the house, lots, and ferry, for one year, at $225. The proof is an agreement to lease for $200, and to pay more if the profits of the business will justify it. Here is a material variance: 1. In the sum agreed to be paid; and 2. In the omission of the contingency upon which a greater sum was to be given.

The plaintiff can not recover upon the special agreement laid in his declaration, because he has not proved it. He can not recover upon his general counts, because he has proved an open subsisting special agreement, under which his right to recover arises, and upon which he must proceed. This contract has not been executed by the parties, or put an end to, or abandoned; for when the defendant left the premises, it was no abandonment of the contract; on the contrary, he proceeded upon the proposition that the contract was still in force; that the plaintiff was unable to *make it good; and that therefore, by its terms, he was [354 not required to proceed in further executing it.

The court ought to have directed a nonsuit, and not having done so, a new trial should be granted.

DOUGLAS, for the plaintiff:

There is no material variance between the declaration and proof; the $225, as the rent of the ferry, is laid under a *videlicet.* In

this form of pleading the party is not confined to any particular sum. No case can be cited where, upon a general count, the party was confined to it without a *scilicet*. This count is in its nature general, as well as the one succeeding it.

In the case of Arnfield *v.* Bate, 3 Maule & Selwyn, 174, Lord Ellenborough observes: " And though the two sums came very near to each other, yet that would not help the plaintiff; *but he ought to have laid the sum under a videlicet, and then he would not be bound by any particular sum.*" In the case of Durston *v.* Tuthun, there cited, is full to the same point.

Nor does the contingency of paying a greater sum, if the profits of the ferry would justify it, alter the state of the case. This being not specified, could well be recovered under the general counts.

In the case of Baptiste *v.* Cobbold, 1 B. & P. 7, plaintiff ae-clared upon an agreement for 52*l.* 10*s.* rum money, and gave in evidence a note for that sum, with an additional stipulation of a pint of rum per day; it was held to be no variance.

2. If the contract was put an end to, the authorities are clear that the plaintiff is entitled to recover upon a *quantum meruit;* here the act was on the part of the defendant.

The rigid rule which formerly obtained upon the subject of special contracts and general counts, has been deservedly compared to the inflexible one of non-amendment in former ages. The progress of the science has relaxed it. The rule as now settled is: " That when the terms of a special agreement to do a certain thing for a certain sum, have been performed by the plaintiff, the law raises a duty in the defendant, for which *indebitatus* assumpsit will lie." Kelly *v.* Foster, 2 Binney, 4; Jacobson *v.* Ex'rs of Legrange, 3 Johns. 199.

355]　*Where the act is consummated, let it be never so special, the law varies the duty, and such will be found to have been the general course of decision. The cases cited by defendant's counsel were upon executory contracts, and the confusion seems to have arisen from the want of a due consideration to contracts executory, and contracts executed. The case of Penny *v.* Porter, 2 East, 2, is a leading case upon the subject, but it was for breach of an open contract in not delivering wheat. In Kelly *v.* Foster, Chief Justice Tilghman, after a full view of the authorities, observes, " that he is always glad to find authority for supporting the verdict of a

jury, where the merits appear to have been fairly before them, and for supporting that kind of pleading which is attended with the least difficulty."

By the COURT:

A majority of the judges are of opinion that the special contract was put an end to by the concurrent act of the parties. The defendant sends word to the plaintiff that he can no longer retain the possession of the premises, but intends to abandon them. The plaintiff directs a person, in the event of such abandonment, to take charge of them. After this, the defendant leaves the house and lots, and the possession is resumed by the plaintiff. The special contract is thus given up, and the right of the plaintiff to recover rent for the time the defendant enjoyed the premises must be decided by the same rules as if the possession had been originally taken upon an understanding that the defendant should pay what was reasonable. The verdict of the jury is founded upon this view of the subject. Substantial justice has been done between the parties, and a new trial ought not to be granted.

Judge BURNET's dissenting opinion:

I dissent from the opinion of the court, given in this case, from a conviction that the variance between the contract proved, and that set out in the declaration, is material and fatal. The sum laid in the declaration, as the consideration of the lease, is $225. The sum proved by the witnesses is $200 certain, and more if the defendant could afford it.

*I do not perceive any resemblance between this case and ‎[356 those cited by the plaintiff. This contract has not been performed by either party. Fitch did not secure to Sargeant the use of the ferry for the term stipulated, in consequence of which Sargeant left the premises before the term expired, under a belief that he had a right to do so. The contract is open, and the question between the parties seems to depend on its legal import, and the effects of their acts under it. The plaintiff contends that he has a right to recover the full amount of rent stipulated to be paid for the term, and also damages for breach of the engagement to keep the premises and boat in repair, and to deliver them in good order. The defendant contends that, in consequence of the loss of the

367

ferry, he was not bound to perform on his part, and that he is not answerable for rent or damage.

I do not see how these questions can be settled on the general counts, or how such questions could exist, if the contract had been either abandoned or performed. If the plaintiff had proved the contract precisely as he has stated it, the subject of controversy would have been the loss of the ferry and the damage done to the property, and whether the former exonerated the defendant from the payment of the whole or a part of the rent, and whether the latter entitled the plaintiff to damages, and, if so, to what extent?

These questions arise out of the contract, and must be determined by a reference to it. Their existence shows that the contract is open and disputed, and the variance between the contract charged, and that proved at the trial, shows also that the terms of the contract are disputed.

I know of no exception to the general rule that a contract open and disputed must be declared on specially. As Fitch was bound to secure to the tenant the use of the ferry for the whole term, when he failed to do so, he broke the contract. The defendant has also failed to perform it, by losing the boat, injuring the property, and withholding the rent, or a part of it; consequently, neither party has performed. The removal of Sargeant from the house, before the expiration of the term, was no abandonment of the contract; it was neither more nor less than a declaration that, 357] having lost the ferry, he was not bound to perform, the *correctness or incorrectness of which depends on the terms of the contract. This fact does not assimilate the case to that class of cases in which the plaintiff abandons and sues to recover back his deposit, nor to the cases in which the plaintiff, having fully performed, resorts to his general counts.